RIBBLE *v*. MATHIS.

APPEAL from the *Warren* Common Pleas.

FRAZER, J.—The question upon which these parties wish our decision is, whether a tax payer, furnishing a team of horses and a driver to work on the roads, is entitled to four dollars and fifty cents per day upon his road taxes. That question, however, is not in the record before us, and cannot therefore be determined in the present cause.

The case was intended to obtain a mandate to compel a supervisor of roads to give a receipt to a tax payer for the amount of road tax assessed upon the property of the latter. Instead of following the practice directed by the statute, (2 G. & H. p. 320 *et seq.*) a complaint, not sworn to, was filed, and the defendant appeared, without process, and answered, alleging, among other things, that he had, at the proper time, tendered the plaintiff a receipt for the amount of his said road tax, which the plaintiff had refused to receive. A demurrer to this answer was sustained, and that is assigned for error. .

As the parties have made no question about the irregularity of the proceedings, we shall consider the answer as if it were a return to an alternative writ of mandate, and determine its sufficiency as such.

Either the fact that the answer contains the averment

which we have stated has been overlooked by the court below and the counsel, or else we fail to understand why the parties differ. It appears, from the pleadings, that the plaintiff wishes to be allowed four dollars and fifty cents per day, while the supervisor, in his answer, claims that three dollars and fifty cents per day is reasonable and lawful. But we are unable to perceive what that question can have to do with the present case. In any event, as the amount of the tax is the utmost sum which the plaintiff claims that the supervisor should have receipted for, and as the answer shows, and the demurrer admits, that such a receipt was tendered and refused, we do not perceive what importance attaches to the mode of computation. We think that the demurrer should have been overruled.

The judgment is reversed, with costs, and the cause remanded, with directions to overrule the demurrer.

· B. F. Gregory, J. Harper and D. H. Twomey, for appellant.

J. Park and L. T. Miller, for appellee.